Babak Hashemi, Esq. (State Bar No. 263494)
**LAW OFFICES OF BABAK HASHEMI, ESQ.**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel.: (949) 464-8529
Fax: (949) 259-4584
BabakHashemiLaw@gmail.com

Attorneys for Plaintiffs:
JAMES RUTHERFORD, and
THE ASSOCIATION 4 EQUAL ACCESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC WESTERN BANK, a business of unknown form; MISSION ROAD PARTNERS, L.P., a California limited partnership; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. '18CV2468 BEN MDD<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.*<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |

Plaintiffs, JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs"), complain of Defendants, PACIFIC WESTERN BANK, a business of unknown form; MISSION ROAD PARTNERS, L.P., a California limited partnership; and DOES 1-10, inclusive; and DOES 1-10 ("Defendants") and alleges as follows:

1

COMPLAINT

# PARTIES:

1. Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc. Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, ability to grab, twist, and turn objects such as door handles and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Plaintiff JAMES RUTHERFORD personally visited the Defendants' facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Specifically, JAMES RUTHERFORD desired to and did visit the Subject Property with complete accessibilities as a consumer, but experienced difficulty doing so due to Defendants' failure to provide access to the parking lot and access to various amenities within the facility as alleged herein.[1]

3. Plaintiff ASSOCIATION 4 EQUAL ACCESS ("A4EA") is an association with the purpose of providing ADA related resources and information to disabled individuals and to ensure businesses increase accessibility at their facilities.

---

[1] Plaintiff Rutherford is also a tester in this litigation and a consumer who wishes to access Defendants' goods and services. Plaintiff is was deterred from patronizing Business on these particular occasions, and continues to be deterred, but intends to return for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendants cease evading its responsibilities under federal and state law.

4.     Plaintiff JAMES RUTHERFORD is a member of A4EA.

5.     Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

6.     Plaintiffs are informed and believe, and based thereon allege, Defendant MISSION ROAD PARTNERS, L.P., owned the Subject Property located at River Village Plaza 5256 S. Mission Rd #1001 Bonsall, CA 92003 ("Subject Property"), where PACIFIC WESTERN BANK ("Business") is located, in June 2018 and August 2018, and continues to do so currently.

7.     Plaintiffs are informed and believe and based thereon alleges, Defendant PACIFIC WESTERN BANK, owned, operated and controlled the Business, located on the Subject Property in June 2018 and August 2018 and continues to do so currently.

8.     Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiffs are informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

10.    This court has supplemental jurisdiction over Plaintiff's non-federal claims

pursuant to 28 U.S.C. § 1367, the Unruh Civil Rights Act (the "UCRA"), because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

11.   Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiffs' Claims arose in this district.

## FACTUAL ALLEGATIONS

12.   On or about June 2018 and August 2018, JAMES RUTHERFORD visited the Business located on the Subject Property to avail himself of the goods and services offered to the public.  Specifically, Plaintiff desired to visit the Business as a consumer, but experienced difficulty due Defendants' failure to provide accessible parking, access ramp/curb cut and rout for disabled persons.

13.   The Business is a facility open to the public, a place of public accommodation, and a business establishment.

14.   Parking spaces, access aisles and routes are one of the facilities, privileges and advantages reserved by Defendants to persons at the property serving the Business.

15.   Unfortunately, although parking spaces, access aisle, routes, access curb ramps and routes were of the facilities reserved for patrons, there were no parking spaces, access aisle, route(s) or ramp/curb-cuts available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") in June 2018 and August 2018.

16.   The Subject Property and Business lack architectural barrier free facilities for patrons with disabilities, causing Plaintiff to encounter the following barriers at the Business and Subject Property: (1) the accessible parking spaces are not

4
COMPLAINT

located on the shortest accessible route to the entrance per Section 208.3.1[2]; (2) the curb ramp at the accessible parking space access aisle serving the main entrance, projects into the access aisle in violation of Section 406.5[3]; (3) there is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2[4].

17.     These barriers represent unreasonable risks, including but not limited to, trip, fall and/or tip-over hazards when attempting to access the Business and Subject Property.

18.     Plaintiffs are informed and believe, and based there on allege, currently, there are no compliant, accessible parking spaces access aisle(s), access ramp/curb cut or routes designed and reserved for persons with disabilities serving the Business.

19.     Plaintiffs are informed and believe, and based there on allege, Defendants have no policy or plan in place to ensure that the accessible parking spaces, access aisles/ramps/curb-cuts or routes reserved for persons with disabilities were available and/or compliant prior to June 2018 and August 2018.

20.     Plaintiffs are informed and believe, and based there on allege, Defendants currently have no policy or plan in place to ensure that the accessible parking spaces, access aisle/ramps/curb cuts or restrooms reserved for persons with disabilities are available and/or remain compliant.

21.     Plaintiff, JAMES RUTHERFORD personally encountered these barriers which represent a trip, fall and/or tip-over hazards when attempting to access the Business and Subject Property.  This inaccessible condition denied this Plaintiff full and equal access and caused him difficulty, humiliation and frustration.

---

[2] Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4. Where parking serves more than one accessible entrance, parking spaces complying with 502 shall be dispersed and located on the shortest accessible route to the accessible entrances

[3] This section requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles.

[4] This section requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site.

22. Members of the A4EA with mobility disabilities who at times are dependent upon a wheelchair or other mobility devices, have a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23. Plaintiff JAMES RUTHERFORD encountered these barriers on June 11, 2018 and has been deterred from patronizing the Business, Subject Property and its accommodations; however he intends to return to the Business and Subject Property for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business and Subject Property ceases evading its responsibilities under federal and state law.

24. Plaintiff JAMES RUTHERFORD is and has been deterred from returning and patronizing the Business and accompanying Subject Real Property because of his knowledge of the illegal barriers that exist[5]. Members of the A4EA will also be deterred from patronizing the Business and the accompanying Subject Property for the same reasons alleged herein. Plaintiffs will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the business as a customer once the barriers are removed.

25. Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

26. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

27. Subject to the reservation of rights to assert further violations of law after a

---

[5] Plaintiff, Rutherford and his disabled, wheelchair bound fiancé are being deterred from patronizing the Business and its accommodations, but intend to return to the Business for the dual purpose of availing themselves of the goods and services offered to the public and to ensure that the Business ceases evading their responsibilities under federal and state laws.

site inspection found *infra* at paragraphs 28 and 29, Plaintiffs are informed and believe there are additional ADA violations which affect JAMES RUTHERFORD and A4EA members.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that there are other violations and barriers in the site that relate to his disability. Plaintiffs seek to have all barriers related to their disabilities remedied. Plaintiffs will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once they conduct a site inspection.[6]

29. Given the obvious and blatant violation alleged hereinabove, Plaintiffs allege, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) Defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an accident because had the Defendants intended any other configuration, they had the means and ability to make the change. Without injunctive relief, plaintiffs will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

# FIRST CLAIM
# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

30. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

31. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. §

---

[6] Please be on notice that the Plaintiffs seek to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them)

12182(a).

32. Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. §12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers which such removal is readily achievable. 42 U.S.C. §12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. §12183(a)(2).

33. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards §4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards §4.6.2.

34. In addition to lacking accessible disabled parking, appropriate signage, access routes and failing to provide compliant restrooms to the Business; the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

35. As set forth hereinabove, Defendants' failure to provide accessible parking and access route(s) are violations of the law.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. As alleged herein, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff(s) is a violation of law.

38. Given its location and options, Plaintiffs will continue to desire to patronize the Subject Business but have been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CLAIM

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

39. Plaintiffs re-allege and incorporate by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

40. California Civil Code §51 *et seq.*, the UCRA, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code §51 *et seq.*

41. Because Defendants violated Plaintiffs' rights under the ADA, they also violated the UCRA and are liable for damages. (Civ. Code §51(f),52(a).) These violations are ongoing.

42. Plaintiffs are informed and believe, and based thereon allege, Defendants' actions constitute intentional discrimination against Plaintiffs on the basis of a disability, in violation of the UCRA, Civil Code §51 *et seq.*, because Defendants have been previously put on actual notice that its premises is inaccessible to

Plaintiffs. Despite this knowledge, Defendants maintain their premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

43. Because the violation of the UCRA resulted in difficult, discomfort or embarrassment for the individual Plaintiff, Defendants are also responsible for statutory damages, i.e. a civil penalty. (Civ. Code § 55.56(a)-(c).)

## **PRAYER**

**WHEREFORE, Plaintiffs pray that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Subject Business associated the Subject real Property; *Note*: **Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

///

///

///

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: October 25, 2018     **LAW OFFICES OF BABAK HASHEMI, ESQ.**

By: /s/ *Babak Hashemi*
 Babak Hashemi, Esq.
 Attorney for Plaintiffs

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;

**(b)** County of Residence of First Listed Plaintiff: Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Babak Hashemi, Esq. (State Bar No. 263494)
Law Offices of Babak Hashemi
4667 MacArthur Blvd., ste150, Newport Beach CA, Tel: 949-464-8529

## DEFENDANTS
PACIFIC WESTERN BANK, a business of unknown form; MISSION ROAD PARTNERS, L.P., a California limited partnership; and DOES 1-10, inclusive,

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
'18CV2468 BEN MDD

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ACT OF 1990, 42 U.S.C. §12181 et seq., CIVIL CODE § 51 et seq.
Brief description of cause:
Violations of Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 10/26/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Babak Hashemi

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

[ Print ] [ Save As... ] [ Reset ]

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.